CURRAULT, Judge.
This appeal originates in Juvenile Court, Division “C”, Parish of Jefferson, wherein the Honorable Nancy Amato Konrad ordered that the custody of the five Evenson minor children remain with the Department of Health and Human Resources. The mother, June Evenson Harbaugh, and stepfather, Charles Harbaugh, have appealed.
June Evenson and Charles Harbaugh arrived in Jefferson Parish sometime in August, 1982. Traveling with them were Ms. Evenson’s five minor children: Dennis, age 13; Denise, 11; Douglas, 9; Dakota, 3; and David, 1.
Initially the couple traveled from South Dakota where Ms. Evenson is a native. However, due to hard economic times and the promise of a brighter future, the couple left South Dakota for New Orleans where Mr. Harbaugh is a native with family. However, subsequent to their arrival in the New Orleans area, they left for work in Corpus Christi, Texas. For reasons we are not aware of, that was not prosperous and the couple returned in August, 1982 to Jefferson Parish for a second time.
When they returned in August of 1982, all seven were living in a car as they were out of work and without money. After befriending a Mrs. Curillo for only three weeks, the couple decided to place the five children with her.
Approximately one week later, Mrs. Virginia Valentine, Manager of Mrs. Curillo’s apartment, called the police. Mrs. Valentine decided to call the police only after noticing the children were dirty, had sores, appeared hungry and in need of medical care, and were being locked out of the apartment.
*710 The children were taken into the custody of the Office of Human Development on September 24, 1982, based upon Ms. Even-son’s inability to provide adequate food, shelter and medical care. After being taken into custody, the children were treated for scabies at Charity Hospital. Subsequently, Dennis and Douglas were placed in the Methodist Home. Denise, Dakota and David were placed in a foster home.
On October 6, 1982, a continued custody hearing was held and the court found probable cause to continue custody with the State. On November 3, 1982, an adjudicatory hearing took place and the State maintained custody because Ms. Evenson, through her attorney, stipulated that her children were in need of care. A treatment plan and service agreement were also reached between the Office of Human Development and Ms. Evenson.
A dispositional hearing was held on February 10, 1983. After taking evidence and hearing testimony, the trial court continued the children in the custody of the State. Defendants have now appealed asserting two errors.
Appellants contend the trial court judge erred in the following respects:
(1) it was error for the trial court to continue custody of appellant’s five children with the State on the basis of an alleged stipulation by appellant which is not found in the record and which was not voluntarily and knowingly consented to by appellant; and that
(2) the trial court erred in continuing the custody of appellant’s five children with the State when the record reflects that appellant and her spouse were able to provide adequately for appellant’s five minor children.
Appellant’s first error is in reference to the adjudicatory hearing held November 3, 1982. Appellant asserts that at that hearing the trial judge based his decision on an alleged stipulation by appellant that her children were in need of care. Appellant argues that there is no such stipulation in the record and that such an admission was never made. Appellant further asserts that the trial court assumed that she had voluntarily and knowingly admitted that her children were in need of care when, in fact, there is no testimony by her to support this.
It appears appellant argues in the alternative that she was not adequately advised that she was admitting that her children were in need of care.
At the adjudicatory hearing, appellant was represented by counsel. As her counsel opened and addressed the court, he stated that he had discussed the matter with appellant and that it was her wish to stipulate and agree to the terms of the petition as stated. Moments later, appellant’s attorney again states that he had explained to her what they were going to do and reiterated expressly that they were stipulating that the children were in need of care. When asked squarely by Assistant District Attorney Guy deLaup if this stipulation was by the mother (appellant), her attorney responds yes.
The record is replete that a stipulation was made that the children in question are children in need of care. It is additionally clear that this stipulation was discussed with the mother and that she acquiesced in the making of that stipulation knowing that by agreeing to such stipulation she would be leaving that hearing without her children. We reach this conclusion based on the appellant’s short testimony that her only problems experienced were with the visitation of her children, and her only expressed wish at this hearing was that she be granted overnight visitation privileges.
Appellant, in argument, fails to point to any specifics as to why the stipulation was not made freely and knowingly. The record and appellant’s brief are void of even an iota of evidence which would convince this court that appellant was inadequately advised as to what she was stipulating to. Accordingly, we find appellant’s first assignment of error to be without merit.
Secondly, appellant contends the trial court erred in its judgment of the dispo- *711 sitional hearing by continuing custody of the children with the State. Appellant asserts the record amply demonstrates that she and her new spouse are able to provide adequately for the children.
An agreement was entered into between the Office of Human Development and appellants, June Evenson and Charles Har-baugh, whereby the appellants were to comply with certain covenants before the children would be returned to their custody. Pertinent are the agreed terms of housing, income and counseling. Those provisions are as follows:

Housing and Income:

Ms. Evenson and Mr. Harbough will make every effort to maintain a stable residence and a stable income with the goal of eventual adequate support of the Evenson children. They are to pursue the rental of an apartment large enough to adequately house themselves and their five children.

Counseling:

As recommended by the psychological of 12/8/82 Ms. Evenson (and Mr. Har-baugh) will regularly attend substance abuse counseling for alcohol and drug counseling with medical blood tests to determine level of abuse or abstinence for case documentation.
As recommended by the psychological evaluation Ms. Evenson will pursue treatment at the Charity Hospital Abuse Unit with hospitalization, if this is indicated as necessary by the attending psychiatrist at Charity. This treatment will continue until the counselor/physician deems it is no longer necessary.
This agreement was entered into prior to the adjudicatory hearing. Subsequently, at the dispositional hearing, the Juvenile Court judge concluded in her written reasons:
“This Court is of the opinion that in the instant case it would be detrimental to the children’s health, safety and welfare to allow them, at the present time, to be returned to their mother. Mrs. Evenson has not sufficiently refuted the prior evidence of substance abuse and her inability to provide adequate food and shelter for her children.”
At the time the children were left with a caretaker, the appellants and all five children were living in the family car. After the children were placed in the State’s custody, appellants obtained a small one-bedroom apartment. At the adjudicatory hearing, overnight visitations were denied because such visitations were not feasible due to the size of that apartment.
At the dispositional hearing, the appellants testified they had moved into a two-bedroom apartment. However, they would not agree to disclose the address of their apartment to the Office of Human Development social worker. Accordingly, the juvenile court judge concluded:
“... that the failure of the parents to communicate to the Office of Human Development worker their new address and their failure to allow the Office of Human Development to investigate this new home indicated that the parents could not provide adequate food and/or shelter to the children.
The parents’ self-serving declaration that they no longer lived in a one-bedroom apartment was unable to be verified by any other independent source.”
As to drug and alcohol abuse, the appellants agreed to attend substance abuse counseling. They did attend such counseling but only three times. Sufficient documentation which would verify appellants’ discontinuance of alcohol or drugs is lacking.
The juvenile court’s judgment will not be overturned absent a clear showing of abuse of discretion; and, in deciding whether or not such abuse has been shown, we are concerned solely with the best interest of the children. We balance our concern for their interest with the long-standing rules that the rights of the parents are preferred to those of a non-parent and that the State’s care is no substitute for the natural parents’ love and affection.
With these guidelines in mind, we find no abuse by the juvenile court judge in order *712 ing that custody remain with the State. We are faced with a mother who, in another state, had her children removed from her because of substance abuse. Past medical history revealed heavy use of PCP, mescaline, acid and marijuana. There is some evidence that she was hospitalized at one time in a South Dakota state hospital for this substance abuse. At the time the children were removed from her by this state, it is quite clear she was involved with an alcohol problem and was emotionally unstable.
The juvenile court imposed conditions upon appellants which the court felt had not been met satisfactorily. The measures taken by the juvenile court judge demonstrate clearly her concern for the health, safety and welfare for these children. We find no reason to disturb her conclusions.
Accordingly, for the above stated reasons, we affirm the decision of the juvenile court continuing custody of the Evenson children in the State of Louisiana. Appellants are to pay all costs of this appeal.
AFFIRMED.